JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

KIRSTIN M. AULT (CABN 206052)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, California  94102
    Telephone: (415) 436-6940
    Facsimile: (415) 436-7234

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. CR 07-00701 WHA |
|     v. ) | |
| WILLIAM SHANNON, ) | NOTICE OF RELATED CASES IN A CRIMINAL ACTION |
|     Defendant. ) | |
| UNITED STATES OF AMERICA, ) | No. CR 07-00737 JSW |
|     v. ) | |
| JACYNTA JORDAN, ) | |
|     Defendant. ) | |

    The United States now gives notice to the Clerk of the Court pursuant to Criminal Local Rule 8-1 that these actions are related.

    Under Rule 8-1, a criminal action is related to another pending criminal action when (1) both actions concern one or more of the same defendants and the same alleged events or occurrences, or (2) both actions appear likely to entail substantial duplication of labor if heard by different judges, or might create conflicts or unnecessary expenses if conducted before different judges.  N.D. Cal. Crim. Local R. 8-1(b).  Here, the cases meet the both of these criteria.

1   William Shannon and Jacynta Jordan were charged in the same indictment in the Western District of Pennsylvania on or about June 5, 2007.  *See* Exhibit A.  Both defendants have now been transferred to this district under Federal Rule of Criminal Procedure 20.  *See* Exhibit B.  Because the transfers occurred separately and at different times, the cases were assigned different case numbers and were consequently assigned to two different judges in this district.  However, the cases are based on the same transactions and underlying factual circumstances.  Ms. Jordan is charged with participating in the same conspiracy as Mr. Shannon, and the facts underlying both cases are substantially the same.  Therefore, assigning the cases to a single judge will avoid the significant duplication of labor that would occur if the matters were resolved before two different judges.  See N.D. Cal. Crim. Local R. 8-1(b)(2).  Were the cases to be heard in different courts, two separate judges would need to familiarize themselves with the facts and circumstances underlying the narcotics transactions that are charged in the single Pennsylvania indictment.  Such duplication of labor is neither necessary nor appropriate.

   For the reasons stated above, the United States believes that assignment to a single judge will conserve judicial resources and promote an efficient determination of the action.  See N.D. Cal. Crim. Local R. 8-1 (c)(4).

DATED: May 1, 2008            Respectfully submitted,

                              JOSEPH P. RUSSONIELLO
                              United States Attorney

                                         /s/

                              _____
                              KIRSTIN M. AULT
                              Assistant United States Attorney

NOTICE OF RELATED CASES [CR 07-00701 WHA]   2